UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

NATIONAL LABOR RELATIONS BOARD,

    Petitioner,

vs.

J & D MASONRY, INC., PYRAMID
MASONRY CONSTRUCTION CO., LLC,
and BEAR CONSTRUCTION CO., LLC,
alter egos,

    Respondents,

and

NATIONAL CITY CORPORATION, PARISH
CORPORATION, DAVID CONSTRUCTION
CO., CITY OF GRAND LEDGE, MICHIGAN,
L.D. DOCSA & ASSOCIATES, INC., and
IRISH CONSTRUCTION, CO., INC.,

    Garnishees.
_____/

Case No. 1:07-CV-782

HON. GORDON J. QUIST

## **OPINION**

The National Labor Relations Board (NLRB) ordered J & D Masonry, Inc. (J&D) and Pyramid Masonry Construction Co., LLC (Pyramid) to provide backpay and benefits to employees to remedy unfair labor practices. On September 26, 2005, the Sixth Circuit entered judgment enforcing the NLRB's order.

J&D and Pyramid formally ceased operations but continued business under the guise of Bear Construction Co., LLC (Bear). NLRB issued a Compliance Specification alleging that Bear was an alter ego of J&D and Pyramid and that Respondents owed $209,287.93 in backpay, plus interest. On July 5, 2007, the United States District Court for the Eastern District of Michigan issued NLRB a writ of garnishment for funds held by, *inter alia*, National City Corporation (National City) and

L. D. Docsa Associates, Inc. (Docsa). The matter was transferred to this Court on August 9, 2007. NLRB issued a Second Supplemental Decision and Order on October 25, 2007, finding Respondents liable for the alleged amount. The Sixth Circuit entered judgment enforcing the Second Supplemental Decision and Order on March 6, 2008.

Respondents did not object to the garnishment of funds held by Docsa. However, they claim a portion of the funds at National City are held in trust pursuant to the Michigan Builders' Trust Fund Act (MBTFA), M.C.L. §§ 570.151-153. NLRB contends Respondents have not satisfied MBTFA's prerequisites. It also argues that even if a trust exists, a portion of the funds are excluded because Respondents have commingled their funds with the trust's. NLRB further states that the purposes for which Respondents claim the funds are to be used do not qualify under MBTFA. Finally, NLRB asserts that MBTFA is preempted by the Federal Debt Collections Procedures Act (FDCPA), 28 U.S.C. § 3001, *et. seq.*

**Analysis**

**I.   Requirements of an MBTFA Trust**

MBTFA imposes a fiduciary duty on the contractor to pay the contractors, laborers, subcontractors and materialmen on a project before using funds received for that project for any other purpose. *Huizinga v. United States*, 68 F.3d 139, 144 (6th Cir. 1995). It provides:

> In the building construction industry, the building contract fund paid by any person to a contractor, or by such person or contractor to a subcontractor, shall be considered by this act to be a trust fund, for the benefit of the person making the payment, contractors, laborers, subcontractors or materialmen, and the contractor or subcontractor shall be considered the trustee of all funds so paid to him for building construction purposes.

M.C.L. § 570.171. An MBTFA trust arises automatically when a contractor is paid for a building project. *Huizinga*, 68 F.3d at 144. No beneficiaries need exist at that time. *Id.* The trust is extinguished when all beneficiaries have been paid. *Id.*

2

Respondents are masonry contractors. NLRB argues they have not established the existence of a trust because they have commingled funds from unknown sources and multiple projects and cannot trace the origin of each fund in the account to its particular project. At the least, NLRB contends, a portion of the funds arose from unqualified sources and are excluded from the trust. NLRB's tracing argument relies heavily upon *In re R.W. Leet Elec.*, 372 B.R. 846, 852 (B.A.P. 6th Cir. 2007).

NLRB has misconstrued the tracing requirement described in *Leet*. In *Leet*, the bankruptcy trustee sought to recover as preferences payments Leet made to a subcontractor. *Leet*, 372 B.R. at 849. The subcontractor asserted the funds it received were MBTFA trust funds, never part of the bankruptcy estate, and could not be avoided as preferences. *Id.* The trust funds were commingled with funds from other sources. *Id.* at 850-51. The court held that the purported beneficiary bore the burden of proving it had been paid with trust funds. It was thus obliged to trace the payments it had received to trust sources. *Id.* at 855. In the instant case, the trustee asserts the existence of the trust and neither party disputes the classification of disbursements. The tracing requirement of *Leet* is thus inapplicable.

The trustee must demonstrate that funds in the account were payment for the project or projects for which he claims the trust is indebted. *Huizinga*, 68 F.3d at 144. This is the only tracing required. When trust and non-trust funds are commingled, non-trust funds do not become part of the trust unless the trustee intended they replenish the trust. *In re Mich. Boiler & Eng'g Co.*, 171 B.R. 565, 571 (Bankr. E.D. Mich. 1993). Funds from the commingled account used for non-trust expenditures are presumed to deplete non-trust funds before depleting the trust. *Id.* If at any time the funds dispersed exceed the non-trust funds deposited, the trust funds are reduced to the account's lowest intermediate balance. *Id.* at 570; *First Fed. of Mich. v. Barrow*, 878 F.2d 912, 916 (6th Cir. 1989); *Leet*, 372 B.R. at 851.

NLRB contends commingled funds from various projects destroy the trust if the funds cannot be traced to their specific projects. This is incorrect. The Court perforce cannot surmise that disbursements of commingled trust funds deplete one trust and not another, for there is no rational means to make that determination. *Mich. Boiler*, 171 B.R. at 572-73. However, that problem arises only when one attempts to identify a disbursement to a particular trust.

NLRB argues there is no trust if the trustee uses trust funds for other purposes before paying all beneficiaries. The application of the lowest intermediate balance rule in *Leet*, *Barrow* and *Mich. Boiler* demonstrates otherwise. The trust remains intact until the fund is exhausted or all qualified debts have been paid. Respondents have demonstrated money received was from project sources; they will have satisfied their burden if they establish that their debts arose from labor performed or materials provided for those projects.

**II.      Does FDCPA Preempt MBTFA?**

NLRB also argues that whether Respondents' funds are in trust is irrelevant because MBTFA is preempted by FDCPA. NLRB relies upon *In re Hechinger Inv. Co. Of Del.*, 288 B.R. 398, 401-02 (Bankr. D. Del. 2003), and *United States v. Pierce*, 231 B.R. 890, 891-92 (E.D.N.C. 1998). The *Hechinger* court held that MBTFA was preempted by section 547(b) of the Bankruptcy Code because it obstructed "the accomplishment and execution of the [the Code's] full purposes and objectives." *Hechinger*, 288 B.R. at 402. *Hechinger* stands against the great weight of authority. Numerous courts have upheld the equitable interests of MBTFA beneficiaries against bankruptcy trustees seeking to avoid as preferences payments made to them. In *In re IT Group, Inc.*, 332 B.R. 673, 677 (Bankr. D. Del. 2005), the court construed *Hechinger* narrowly and refused to hold that the Bankruptcy Code preempted a New York construction lien statute similar to MBTFA.

*Pierce* is inapplicable; it addressed a state statute prohibiting the enforcement of judgments older than ten years. FDCPA itself suggests it does not preempt state trust law. 28 U.S.C. § 3010

provides, in part, "[t]he remedies available . . . may be enforced against property which is co-owned by a debtor and any other person only to the extent allowed by [state] law." This provision does not refer to trusts, but it implies that Congress did not intend to abrogate the state-law property interests of persons other than the debtor. 28 U.S.C. § 3104 applies very similar language to garnishments. Congress intended FDCPA to establish a nationwide "framework for the collection of debts owed to the United States." *NLRB v. E.D.P. Med. Sys.*, 6 F.3d 951, 954 (2nd Cir. 1993). Its objective is to provide procedural uniformity, not to alter substantive rights established by state law. Accordingly, the Court holds that FDCPA does not preempt MBTFA.

### III. What Creditors Qualify Under MBTFA?

NLRB contends that MBTFA does not apply to corporate officers or managers of the contractor. The Court agrees. MBTFA "was enacted 'to protect the owner and those whose labor and materials make the performance of a construction contract possible and give rise to the owner's obligation to pay.'" *Huizinga*, 68 F.3d at 145 (quoting *Selby v. Ford Motor Co.*, 590 F.2d 642, 644 (6th Cir. 1979)). If it comprised the wages of the contractor's officers or managers, contractors could divert trust funds to themselves as salary, effectively taking the project's profits before the other beneficiaries were paid and circumventing the act's purpose. Respondents claim part of the trust includes wages owed to Dale Woodward. Woodward is a shareholder in J&D and Pyramid and a manager at Bear. Bear is the alter ego of J&D and Pyramid. The trust funds thus do not encompass Dale Woodward's wages or any federal, local or state taxes owed on those wages.

Respondents apparently take a broad view of the expenses covered by MBTFA. They have asked the Court to release trust funds to pay their attorney's fees and have claimed that all disbursements from the trust were for ordinary business expenses. The scope of uses permitted by MBTFA is much narrower than ordinary business expenses. Trust funds cannot be used for any

5

purpose except payment of "contractors, laborers, subcontractors, or materialmen" for work performed on or materials provided for the project from which those funds arose. The trust is not to be used for legal fees, overhead, phone bills, office supplies, utilities or other business expenditures until all beneficiaries have been paid in full.

## Conclusion

For the aforementioned reasons, the Court finds that Respondents' funds at National City are in trust for the benefit of MBTFA beneficiaries. Respondents have raised no objection to the garnishment of funds by Docsa. Therefore, Docsa is ordered to disburse the garnisheed funds to NLRB immediately. National City is ordered to disburse immediately the amounts owed to Doug Ross and Fred Shattuck pursuant to this Court's forthcoming Order. Respondents are ordered to provide National City, within fourteen days (14), the amounts owed to all applicable taxing authorities on the aforementioned wages of Doug Ross and Fred Shattuck. These taxes shall be listed separately by employee. National City is ordered to disburse the amounts owed to all applicable taxing authorities upon receipt of Respondents' statement of the amounts owed.

Respondents are ordered to provide the Court, within fourteen (14) days, more substantive evidence of all debts they claim are covered by the trust. One examining this evidence should be able to determine with reasonable certainty what is owed to whom and the projects from which the debts arise. This evidence might consist, for example, of all invoices received from and checks paid to a particular supplier, or affidavits from qualified creditors specifying the amount due. At that time, National City will be directed to pay the trust beneficiaries; any remaining funds will be directed to NLRB.

An Order consistent with this Opinion will be entered.

Dated:  November 19, 2008                     /s/ Gordon J. Quist
                                                                                  GORDON J. QUIST
                                                           UNITED STATES DISTRICT JUDGE